The opinion of the court was delivered by
Watkins, J.
This appeal is prosecuted by plaintiffs from an interlocutory judgment of the District Court sustaining defendants’ peremptory exception of no cause of action, and ten years’ prescription, and dismissing the suit, which has for object the revocation of a tax sale.
On the 23d of January, 1869, John Hayes executed a title to his three sons — David, William and Malachi — jointly to the land which is the subject matter of-this litigation for $15,000, on one, two, three, four and five years’ credit; and the several vendees executed ñve notes of $3000 each, bearing 8 per cent, per annum interest from date of sale, stipulating a special mortgage in the act and the retention of a vendor’s lien as securing the payment of the price, the act being duly recorded in the book of mortgages, and thereafter reinscribed.
*859 In December following John Hayes, the vendor, died, and David Hayes, one of the vendees, qualified as administrator of his succession. When the last of the series of notes went to maturity, Hayes, administrator, sued them to judgment (it bearing date March 25, 1875), and it was also duly inscribed and reinscribed in the mortgage office, but never thereafter formally and by judgment was it recorded.
During the years 1886 and 1887 Malachi and William conveyed to A. L. Hayes their two-thirds interest, and David his one-third interest in the land to Hamilton Derouen, the defendant, the title thus vesting in A. L. Hayes and Hamilton Derouen jointly.
In 1887 the land was adjudicated to Derouen, who claims to be the sole owner.
Plaintiffs’ contention is that, as a portion of the heirs of the deceased vendor and mortgage creditor of other heirs, they are entitled, on making the administrator party, to institute suit in their own name for the revocation of the tax sale of the mortgaged property and for its restitution to the mass of the succession for purposes of administration.
Their averments against the vires of the tax sale in substance are, inter alia, that the administrator illegally and negligently permitted the property to be sold at tax sale to the defendant, who was his son-in-law, for the vile price of §180 of delinquent taxes, and to the detriment of the large mortgage claim due to the succession he was administering.
Further, that said administrator, subsequently to said sale, fraudulently colluded with said tax adjudicatee and endeavored to defeat the succession mortgage on the property for which he was personally bound by making, to his alleged confederate title to his one-third interest in the land.
It is to this action that the defendant’s exceptions are directed; and the insistence of their counsel is that plaintiffs’ petition does not disclose that they have “sufficient interest in the subject matter of this suit to give them a right of action or to authorize the court to grant the judgment they ask; and because whatever might have been their rights, they are barred by the prescription of ten years.”
For the purpose of fully stating defendant’s exceptions, we quote from his brief the subjoined explanatory statement, viz:
*860 ‘‘ The exception challenges the right of plaintiffs to interfere in or-to question the validity of the tax sale, on the ground that they have no legal interest, and have ceased to be creditors; that the mortgage which they have inscribed is extinguished by the prescription of the principal obligation, which it is designed to secure.”
It is well to note here that, pendente lite, a suit previously brought by the plaintiffs, for the amotion of David Hayes, administrator, was tried and judgment rendered against him, and a new administrator was appointed; and he intervened in the suit and joined the plaintiffs. Hence, whatever question there might have been of the right of a portion of the heirs of a deceased to bring such a suit as this, it was answered by the intervention of the new administrator. The residue of the question rests solely upon the effect to be given defendant’s plea of ten years' prescription against the judgment on the purchase notes, of date March 25, 1875. It was sustained by the ' judge a quo, and the suit dismissed, because, as the debt had apparently perished by prescription, the re-inscription of the mortgage was unavailing. Dawson vs. Thorp, 39 An. 366.
The trial was had and judgment rendered on the face of the records. No evidence dehors the records was offered. But we have frequently held that judgments may be preserved from the effects of prescription and the current of prescription interrupted in other modes and by other means than by “ the peculiar statutory action ” authorized by the Civil Code, 3547. Succession of Patrick, 30 An. 1071; Calhoun vs. Levy, 33 An. 1296; Levy vs. Calhoun, 34 An. 418; Lalanne vs. Payne, 42 An. 152.
In the instant case there arises no question as to the relative rank of mortgages. It is merely a suit brought by heirs of a conventional mortgagee for the purpose of restoring the mortgaged property to the succession. The mortgagors are heirs, and one of them was the administrator. The'claim well nigh aggregates $30,000. The demands of the plaintiffs strongly appeal to the court for the exercise of its equity powers. It may be that on a trial of the merits the plaintiffs will be able to show an interruption of prescription; and we think it but just that we should afford them an opportunity to do so.
For this purpose the judgment must be reversed and the cause remanded to the court a qua.
*861 It is, therefore, ordered and decreed that the judgment appealed from be annulled and reversed; and it is further ordered that the •cause be remanded for further proceedings, according to law, and that the defendant and appellees be taxed with the cost of appeal and those of the lower court and await final judgment.
Mr. Justice Breax recuses himself, being of counsel.